**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RAYMOND LYNCH** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-083S** |
| | : | |
| **WARDEN WHITMAN** | : | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons identified in its accompanying memorandum of law, designated party/respondent State of Rhode Island moves to dismiss Petitioner Raymond Lynch's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Christopher R. Bush

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: March 23, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on March 23, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on March 23, 2007:

Raymond Lynch
P.O. Box 8273
Cranston, R.I. 02920

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RAYMOND LYNCH** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-083S** |
| | : | |
| **WARDEN WHITMAN** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Now comes the State of Rhode Island, by and through its attorneys, and moves to dismiss Petitioner Raymond Lynch's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody ("Petition"). The Petitioner raises four claims in his Petition, all of which he acknowledges have not been exhausted in state court. For this reason, and as discussed more fully below, this Court should dismiss the Petition without prejudice.

## II. BACKGROUND

A full recitation of the facts underlying the Petitioner's convictions can be found in the Rhode Island Supreme Court's reported decision, State v. Lynch, 854 A.2d 1022 (R.I. 2004).[1]

For purposes of adjudicating the instant motion, only a few seemingly indisputable facts are relevant:

- On November 14, 1996, a Kent County grand jury indicted the Petitioner on three (3) counts of first-degree sexual assault, three (3) counts of second-degree sexual assault, and two (2) counts of simple assault.
- On April 1, 1998, following a four (4) day trial in the Kent County Superior Court (Israel, J.), a jury convicted the Petitioner of all three (3) counts of first-degree sexual assault and two (2) counts of second-degree sexual assault. The jury acquitted Lynch of the remaining three charges.

---

[1] The State has included a copy of this decision, as well as copies of the briefs that the Petitioner and the State filed in the Rhode Island Supreme Court, in a separate Appendix. On information and belief, transcripts of the Petitioner's trial and sentencing are available in the state court file.

- On May 8, 1998, the Superior Court sentenced Lynch to sixty (60) years, thirty (30) to serve, on each of the first-degree sexual assault convictions, and ten (10) years to serve on the two second-degree sexual assault convictions. All of the sentences run concurrently.

- On August 12, 2004, the Rhode Island Supreme Court affirmed the Petitioner's conviction. *See* Lynch, 854 A.2d 1022.

- On or about April 19, 2005, the Petitioner filed an application for post conviction relief (his second) in the Kent County Superior Court pursuant to R.I. Gen. Laws § 10-9.1-1 (Case No. KM 05-0347). *See* Exhibit 1.

The Petitioner filed the instant Petition on March 5, 2007. The Petitioner identifies four grounds on which he claims that he is being held unlawfully:

1. "14th Amendment Due Process Violation:" Insufficient evidence to support second degree sexual assault conviction;

2. "6th Amendment—Ineffective Assistance of Counsel:" Defense counsel failed to adequately examine physician regarding lack of physical trauma to victim;

3. "14th Amendment—Due Process; 6th Amendment–Fair Trial:" Prosecutorial misconduct based on victim's "practiced testimony"; and

4. "Due Process Violation—Insufficient Evidence:" Victim's testimony regarding sexual assault not specific enough.

Petition at 6-12.

The Petitioner concedes—as he must—that he raised each of these claims in his second post-conviction relief application. Although a Criminal Case Action Report/Warrant For Commitment in the court file for KM 05-0347, *see* Exhibit 2, as well as the docket for that case, *see* Exhibit 3, contain notations suggesting that the Superior Court instructed the clerk's office to "close case," no order or judgment entered in that case. For purposes of the State's exhaustion argument, however, it makes no difference whether the case is actually still pending.

## III. ARGUMENT

It is well settled that

> [b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); ***see also*** 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."); Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007) ("A claim for habeas corpus relief has been exhausted where the claim has been 'fairly presented' to the courts.").

The Petitioner has not exhausted all of his state court remedies with respect to the four claims that he identifies in his Petition. The Petitioner included each in his April 19, 2005, post-conviction relief application, a state court action that is pending or, to the extent it is not, is a proceeding from which the Petitioner had a right of appeal pursuant to R.I. Gen. Laws § 10-9.1-9 but chose not to. Id. Under either scenario, the Petitioner is not eligible for federal habeas relief because he has failed to exhaust his state court remedies—either because he is still litigating those claims or because he failed to fully litigate them in the state superior and supreme courts, ***cf.*** Josselyn, 475 F.3d at 2 (holding that "[w]here . . . a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies").

## IV. CONCLUSION

For the reasons identified above,[2] this Court should dismiss Raymond Lynch's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Christopher R. Bush

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: March 23, 2007

[2] The State reserves the right to challenge the merits of the Petitioner's claims once he has exhausted his state court remedies and his habeas petition becomes ripe for adjudication in this court.

**<u>CERTIFICATION</u>**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on March 23, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on March 23, 2007:

Raymond Lynch
P.O. Box 8273
Cranston, R.I. 02920

/s/ Christopher R. Bush