FILED
05 APR 19 AM 9:06
KENT SUPERIOR COURT
JANE H. ANTHONY, CLERK

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

KENT, SC. SUPERIOR COURT

RAYMOND LYNCH :
v. : CASE NO. KM05-0347
STATE OF R.I. :

# APPLICATION FOR POST-CONVICTION RELIEF

PURSUANT TO R.I.G.L. 10-9.1-1, PETITIONER RAYMOND LYNCH HEREBY SUBMITS THIS APPLICATION FOR POST-CONVICTION RELIEF. THE APPLICANT WAS CONVICTED ON APRIL 1, 1998 OF 3 COUNTS OF 1ST DEG. SEXUAL ASSAULT AND 2 COUNTS OF 2ND DEG. SEXUAL ASSAULT, AND WAS GIVEN A SENTENCE OF 60 YEARS WITH 30 YEARS TO SERVE. THE GROUNDS ON WHICH THIS APPLICATION IS BASED ARE VIOLATIONS OF THE 6TH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND FAIR TRIAL, AND THE 14TH AMENDMENT RIGHT TO DUE PROCESS. THE RELIEF SOUGHT IS THE VACATING OF THE APPLICANT'S CONVICTIONS.

THE FACTS THE APPLICANT PRESENTS ARE AS FOLLOWS:

## I. 6TH AMENDMENT-INEFFECTIVE ASSISTANCE OF COUNSEL

1. A RAPE CRISIS PHYSICAL EXAMINATION WAS PERFORMED ON THE MILDLY MENTALLY-HANDICAPPED VICTIM. IN THE PRE-EXAMINATION QUESTIONNAIRE, 3 DIFFERENT PENETRATIONS

ARE ALLEGED, EACH WITH EJACULATION. THESE EVENTS ALLEGEDLY OCCURRED 2, 4, AND 5 DAYS BEFORE THE EXAMINATION.

2. ONE OF THE PENETRATIONS ALLEGED IS ANAL, YET NO EVIDENCE OF "SPHINCTER MUSCLE RELAXATION CONDITION" WAS PRESENT IN THE PHYSICAL EXAMINATION REPORT. THE EXAMINING DOCTOR, DR. McCUE, MADE NO NOTES INDICATING THIS CONDITION. (PHYSICAL TRAUMA)

3. THE DEFENSE ATTORNEY, RONALD BONIN, FAILED TO DISPUTE THIS CHARGE ADEQUATELY BY FAILING TO QUESTION DR. McCUE ABOUT THE VICTIM'S ANAL AREA. THERE WAS NO EVIDENCE PRESENTED TO SHOW ANY PHYSICAL TRAUMA. [NOTED IN STATE v. BRYANT, 670 A.2d 776 (R.I. 1996) p. 781] NO OTHER MEDICAL EXPERT WAS CALLED IN TO TESTIFY ON THIS MATTER, EITHER. PHYSICAL TRAUMA WOULD HAVE HAD TO HAVE BEEN PRESENT IF ANAL SEXUAL PENETRATION HAD OCCURRED.

II. 6TH AMENDMENT - FAIR TRIAL; 14TH AMEND. - DUE PROCESS

1. THE VICTIM WAS TESTIFYING FOR THE PROSECUTION WITH PRACTICED TESTIMONY THAT SHE PRACTICED WITH THE PROSECUTORS BEFORE THE TRIAL. THIS IS PROSECUTORIAL MISCONDUCT; PERJURY. THE APPLICANT CAN PRESENT EVIDENCE OF THIS.

III. 14TH AMENDMENT - DUE PROCESS

1. THE CHARGE OF 2ND DEG. SEXUAL ASSAULT - BREASTS

DOES NOT HAVE ENOUGH EVIDENCE IN THE RECORD TO PROVE GUILT ON ALL POINTS OF THE LAW. THERE IS NOT ENOUGH EVIDENCE TO PROVE GUILT. THE EVIDENCE IS ALL TESTIMONIAL AND CONSISTS OF WHAT APPEARS TO BE EVIDENCE OF A BATTERY, ONLY.

2. THE VAGINAL AND ANAL PENETRATION CHARGES CONSIST OF TESTIMONIAL EVIDENCE WHICH STATES THAT THE DEFENDANT'S "THING" IS PUT ... "IN THE FRONT AND THE BACK." NO SPECIFIC MENTIONING OF THE VAGINA OR THE ANAL AREA IS IN THE RECORD TO CLARIFY WHAT "...IN THE FRONT AND THE BACK" MEANS. IS "... AND THE BACK" A REAR VAGINAL PENETRATION?

WHEREFORE, THE APPLICANT SUBMITS THIS APPLICATION FOR THIS HONORABLE COURT'S REVIEW AND CONSIDERATION.

APRIL 14, 2005 Raymond Lynch, PRO SE

RAYMOND LYNCH
BOX 8273
CRANSTON, R.I. 02920