UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNCH
vs.
WHITMAN

C.A. NO. 07-83S

PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES THE PLAINTIFF, RAYMOND LYNCH, AND REQUESTS THAT THE COURT DISMISS THE DEFENDANT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS.

PLAINTIFF PRAYS THAT THIS HONORABLE COURT SHALL GRANT THIS MOTION.

APRIL 2, 2007

Raymond Lynch, PRO SE
RAYMOND LYNCH
BOX 8200
CRANSTON, R.I. 02920

CERTIFICATION

PLAINTIFF CERTIFIES THAT A COPY OF THIS MOTION AND ACCOMPANYING MEMORANDUM WERE SENT TO CHRISTOPHER R. BUSH, DEPT. OF ATTORNEY GENERAL, 150 S. MAIN ST., PROVIDENCE, R.I. 02903 ON THE ABOVE DATE.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNCH :
VS. : C.A. NO. 07-83S
WHITMAN :

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

## I. FACTUAL BACKGROUND

THE PLAINTIFF HAS FILED ALLEGATIONS OF CONSTITUTIONAL VIOLATIONS ON THE FOLLOWING GROUNDS:

1. 14TH AMENDMENT-DUE PROCESS: INSUFFICIENT EVIDENCE TO SUPPORT 2ND DEG. SEXUAL ASSAULT-BREASTS CONVICTION.
   a. THIS ISSUE WAS ARGUED ON APPEAL, BUT DENIED BASED ON THE TRIAL JUSTICE'S DISCRETIONARY VIEW AND INTERPRETATION OF THE TRIAL PROCEEDINGS.

2. 6TH AMENDMENT-INEFFECTIVE ASSISTANCE OF COUNSEL: DEFENSE COUNSEL FAILED TO ADEQUATELY CROSS-EXAMINE THE PHYSICIAN DR. McCUE REGARDING HER NOT NOTING TRAUMA TO THE ANUS, RELAXATION REFLEX CONDITION OF THE SPHINCTER MUSCLE, WHICH SHOULD HAVE BEEN PRESENT.

a. THIS ISSUE WAS FIRST PRESENTED IN THE SUPERIOR COURT, CASE ON "HOLD."

3. 14TH AMENDMENT-DUE PROCESS; 6TH AMENDMENT-FAIR TRIAL; PROSECUTORIAL MISCONDUCT BASED ON VICTIM'S "PRACTICED TESTIMONY."

a. THIS ISSUE WAS FIRST PRESENTED IN THE SUPERIOR COURT, CASE ON "HOLD."

4. 14TH AMENDMENT-DUE PROCESS; INSUFFICIENT EVIDENCE TO SUPPORT 1ST DEG. SEXUAL ASSAULT-ANAL.

a. THIS ISSUE WAS DENIED ON APPEAL BASED ON THE TRIAL JUDGE'S DISCRETIONARY VIEW AND INTERPRETATION OF THE TRIAL PROCEEDINGS.

## II. ARGUMENT

THE PLAINTIFF HAS SOUGHT RELIEF IN THE STATE COURTS, YET THE CASE IS ON "HOLD," 2 YEARS LATER. IN THE INTEREST OF THE TIMELY ADMINISTRATION OF JUSTICE, THE PLAINTIFF FEELS THAT HIS STATE REMEDIES ARE EXHAUSTED AND THAT THE INSTANT CASE SHOULD PROCEED.

THE PLAINTIFF CONSIDERS HIS RELIEF SOUGHT IN THE STATE COURT HAS BEEN DENIED, SO HE FILED FOR RELIEF IN THE FEDERAL COURT PER PREISER V. RODRIGUEZ, 411 U.S. 475, 477, 93 S.CT. 1827, 1830, 36 L.Ed. 2d 439 (1973) ("a [HABEAS CORPUS] PLAINTIFF CANNOT SEEK THE INTERVENTION OF A FEDERAL COURT UNTIL HE HAS FIRST SOUGHT AND BEEN DENIED RELIEF

IN THE STATE COURT, ...")

"COMITY THUS DICTATES ..., THE STATE COURTS SHOULD HAVE THE FIRST OPPORTUNITY TO REVIEW THIS CLAIM AND PROVIDE ANY NECESSARY RELIEF." O'SULLIVAN v. BOERCKEL, 526 U.S. 838, 842, 119 S.CT. 1728, 1731, 144 L.Ed.2d 1 (1999); LYNCH VS. WHITMAN, (C.A. 03-162 ML, D.R.I. 2004).

THE INSTANT CASE SHOULD PROCEED BECAUSE OF PROCEDURAL DEFAULT DUE TO THE LACK OF PROGRESS IN THE PLAINTIFF'S STATE CASE. "STATE REMEDIES MUST BE EXHAUSTED EXCEPT IN UNUSUAL CASES." ROSE v. LUNDY, 455 U.S. 509, 515, 102 S.CT. 1198, 1202, 71 L.Ed.2d 379 (1982).

A STAY OF THE INSTANT CASE AFTER 2 YEARS OF WAITING WOULD APPEAR TO SIMPLY EXTEND THE WAIT FOR THE FORWARD PROGRESS OF THE INSTANT CASE. THE DOCKET REPORT SHOWS THE ENTRY OF 2/23/07 IS A LETTER WHICH ASKED THE CLERK'S OFFICE TO SCHEDULE A HEARING DATE ON THE APPLICATION FOR POST-CONVICTION RELIEF. THE CASE IS ON "HOLD" WITH NO FURTHER WORD OR CHANCE TO APPEAL A DECISION. ALTHOUGH A STAY IS THE PREFERABLE COURSE IN MANY CASES INVOLVING "MIXED PETITIONS," NOWACZYK v. WARDEN, NEW HAMPSHIRE STATE PRISON, 299 F.3d 69, 75 (1ST CIR. 2002), THIS COURT MUST CONSIDER THAT AN ALREADY 2 YEAR WAIT MUST BE CONSIDERED A DENIAL OF RELIEF, AN EXHAUSTION OF STATE REMEDIES, AND CLAIMS WHICH HAVE "BEEN 'FAIRLY PRESENTED' TO THE COURTS." JOSSELYN v. DENNEHY, 475 F.3d 1, 2 (1ST CIR. 2007).

## III. CONCLUSION

FOR THE ABOVE PROFFERRED REASONS, THIS HONORABLE COURT SHOULD DISMISS DEFENDANT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS.

APRIL 2, 2007

RESPECTFULLY SUBMITTED,

Raymond Lynch, PRO SE
RAYMOND LYNCH
BOX 8200
CRANSTON, R.I. 02920