UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAYMOND LYNCH | : | |
| | : | |
| v. | : | C.A. No. 07-083S |
| | : | |
| WARDEN WHITMAN | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

In this matter, Petitioner, Raymond Lynch ("Lynch" or "Petitioner") filed his Petition for Writ of Habeas Corpus on March 5, 2007. (Document No. 1). Petitioner seeks habeas corpus review of several state court convictions for first- and second-degree sexual assault. Respondent, State of Rhode Island (the "State" or "Respondent"), filed a Motion to Dismiss the Petition as unexhausted. (Document No. 6). This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 6) be GRANTED and that the Petition (Document No. 1) be DISMISSED.

**Background**

Petitioner was convicted by a jury on April 1, 1998 of three counts of first-degree sexual assault and two counts of second-degree sexual assault against his developmentally-impaired daughter. See State v. Lynch, 854 A.2d 1022, 1028 (R.I. 2004). He was subsequently sentenced to serve sixty years, thirty to serve on each of the first-degree sexual assault convictions and ten years to serve concurrently on the two second-degree sexual assault convictions. Id. Petitioner

appealed his conviction, alleging numerous trial court errors, each of which was rejected by the Rhode Island Supreme Court. Id. Subsequently, on April 19, 2005, Petitioner filed a Motion for Post-conviction Relief in the Rhode Island Superior Court. Petitioner's Motion for Post-conviction Relief remains pending in that court according to Petitioner, without final determination. See Document No. 1, p. 3 (Petitioner noting results of his request for post-conviction relief were "partial and inconclusive"); p. 4 (stating Petitioner did not appeal determination of his second post-conviction relief action because there is "no decision to appeal"); and p. 13 (Petitioner noting that there has been "no hearing on the post-conviction application in KM 2005-0347 yet").

Despite his admission that he failed to exhaust his state court remedies, Petitioner prematurely filed this Petition. He presents four grounds in this Petition: (1) a Fourteenth Amendment due-process claim arising from an assertion of insufficient evidence to support his second-degree sexual assault conviction; (2) a Sixth Amendment claim of ineffective assistance of counsel; (3) a Sixth Amendment and Fourteenth Amendment claim alleging an unfair trial and prosecutorial misconduct; and (4) a Fourteenth Amendment due process claim alleging insufficiency of the victim's testimony regarding sexual assault. The State of Rhode Island filed a Motion to Dismiss the Petition, accurately noting that none of the grounds raised have been exhausted in state court.

The State points out that the Superior Court file for Petitioner's second post-conviction relief Motion (KM 2005-0347) contains a notation that the "matter is moot, counsel has been appt. please close case." However, there is no order or judgment issued resolving the Motion. The State also notes, however, that Petitioner would have a right to appeal to the Rhode Island Supreme Court, any decision by the Rhode Island Superior Court concerning his post-conviction relief action. See R.I.

Gen. Laws § 10-9.1-9 (final judgment in a post-conviction relief action is appealable to the Supreme Court in the same manner as a final judgment in a civil action). In fact, Petitioner must pursue such an appeal prior to filing a federal habeas corpus petition in order to exhaust. See Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) ("[w]here...a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies.").

**Discussion**

Pursuant to 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the Courts of the State...." The "exhaustion prerequisite" for filing a federal habeas corpus claim was created, "[i]n recognition of the state courts' important role in protecting constitutional rights..." and "holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). "Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal." Id. at 263.

In this case, the State argues that the Court must dismiss the pending Petition because the Petitioner has not exhausted any of the four claims he presents in his Petition. Petitioner does not dispute that his claims are unexhausted, however, he claims that his state court post-conviction relief action is on "hold," and that "in the interest of the timely administration of justice, [Petitioner] feels his state remedies are exhausted and the instant case should proceed." Document No. 7 at 3.

Petitioner also states that a "2 year wait must be considered a denial of relief, an exhaustion of state remedies and claims which have been 'fairly presented' to the courts." Id. at 4 (quoting Josselyn, 475 F.3d at 2). Petitioner's argument is unconvincing and completely unsupported. Petitioner has not presented a single exhausted ground in his Petition. Rather, he has apparently become impatient with the progress of his state court motion for post-conviction relief and seeks to shortcut the habeas corpus review process by asking this Court to step in and excuse him from exhaustion.

The exhaustion prerequisite contained in the 28 U.S.C. § 2254 "is rooted in principles of comity which counsel that state courts be afforded an opportunity to deal with alleged constitutional violations arising from their proceedings before federal jurisdiction may be invoked." Barber v. Moran, 753 F.Supp. 421, 422 (D.R.I. 1991). It is not this Court's function to disrupt the balance drawn by Congress in enacting § 2254, particularly in this case where Petitioner has merely stated that he has been delayed in obtaining a final decision in state court. Prior to filing a Petition in Federal Court, Petitioner is obligated to exhaust his available state court remedies, and he has not done so. His Petition is unexhausted and thus must be dismissed.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 6) be GRANTED and the Petition (Document No. 1) be DISMISSED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 25, 2007